Wiley W. PORTER, Appellant,

v.

James T. DIDIWICK and Clara D. Didiwick, Appellees.

No. 14020.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 20, 1958.

Decided Feb. 27, 1958.

Mr. William B. Bryant, Washington, D. C., with whom Messrs. William C.

Gardner and Joseph C. Waddy, Washington, D. C., were on the brief for appellant.

Mr. Andrew W. Carroll, Washington, D. C., for appellees.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

Didiwick sued Porter for damages for alleged fraud and deceit in connection with a real estate transaction. The jury by special verdict found against Porter in the amounts of $2,075 for compensatory damages and $2,375 for punitive damages. From the judgment for $4,-450 entered upon the special verdict, Porter appeals.

The real estate in question was sold by Didiwick to one Whitney for $12,250 cash and was immediately resold by Whitney to one Johnson for $14,500, only $2,400 of the price being cash, the balance consisting of notes secured by a first trust of $8,000 and a second trust of $4,000. Porter was the broker in both transactions and received a commission of $400 from Whitney. The jury found in the special verdict that Porter was Didiwick's agent and, as such, owed him a fiduciary duty to disclose Johnson's higher offer.

Didiwick testified that he understood at all times that Porter was not his agent, but rather Johnson's. He specifically stated that he never engaged Porter to be his agent and never agreed to pay him a commission. Porter told him that Johnson wanted to buy his house and he told Porter he would sell it for $14,500, all cash, because he needed the money to pay for a new house. Johnson was willing to pay $14,500 for Didiwick's house, but only $2,500 in cash, the balance in trust-secured notes. Porter found in Whitney a middleman who was willing to buy the house for $12,250 in cash and re-sell to Johnson on the latter's terms.

Even if Porter failed to inform Didiwick of Johnson's offer, the record does not support a finding that such failure

was a breach of any fiduciary duty. It was, therefore, error not to grant Porter's motion for judgment notwithstanding the verdict. We do not reach appellant's other contentions. The judgment of the District Court is

Reversed and remanded with instructions to enter judgment for appellant.